UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 8:14-cr-217-T-33EAJ

MAHMOUD ALDISSI, a/k/a Matt,
and ANASTASSIA BOGOMOLOVA,
a/k/a Anastasia,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Joint Motion to Strike and for Protective Order Regarding Information in the Indictment (Doc. # 44), filed on September 30, 2014. On October 3, 2014, the Government filed the United States of America's Response to Defendants' Joint Motion to Strike and for Protective Order Regarding Information in the indictment. (Doc. # 53). For the reasons that follow, the Defendants' Motion is denied as stated herein.

**I.  Background**

On May 28, 2014, Defendants were charged by indictment (Doc. # 1) with the following: Count 1 – Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Counts 2 through

8 – Wire Fraud in violation of 18 U.S.C. § 1343; Counts 9 through 13 – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A; Count 14 – Falsification of Records involving Federal Investigations in violation of 18 U.S.C. § 1519; and Count 15 – Falsification of Records involving Federal Investigations in violation of 18 U.S.C. § 1519. (Doc. # 1).

## II. Motion to Strike the Name: Mahmoud and Motion for Protective Order

On September 23, 2014, Defendants filed the present Motion seeking an Order granting a Motion to Strike and for Protective Order Regarding Information in the indictment (Doc. # 44), filed on September 30, 2014. Subsequently, on October 3, 2014, the Government filed the United States of America's Response in Opposition to Defendants' Joint Motion. (Doc. # 53). The Court will address each of Defendants' requests in turn.

First, by way of the present Motion, Defendants move this Court for an order striking the name "Mahmoud" from the indictment on the grounds that Defendant Aldissi sought and obtained a lawful court order granting Defendant Aldissi's legal name change in the State of Florida. (Doc. # 44). Defendants argue that Defendant Aldissi "has a legal right to demand that the Government use his lawful name, and not

'Mahmoud,'" as the Government seeks to prosecute Defendant Aldissi under the indictment. (Id. at 2). The Government maintains that the Court should deny Defendants' Joint Motion as the relevant time period for the indictment is 1999 through 2014, and Defendant Aldissi was identified and known as both "Mahmoud" and "Matt" during the relevant time period. (Doc. # 53).

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon defendant's motion, the court may strike surplusage from the indictment or information."

> A motion to strike surplusage from an indictment should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial . . . [T]his is a most 'exacting standard.' " United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990) (quoting 1 Charles A. Wright, Federal Practice and Procedure § 127 at 424–29 (1982)).

United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992). The Court should only order words stricken from the indictment as surplusage where it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. (Id.). Additionally, "even when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense." United States v. Scarpa, 913 F.2d 993, 1013 (2nd Cir. 1990).

Furthermore, as to the issue that the Government is using Defendant Aldissi's prior legal name "Mahmoud" and current legal name "Matt," the Court considers these names aliases of the same person as both have been Defendant Aldissi's legal name. "If the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted." United States v. Harriston, 329 F.3d 779, 792 (11th Cir. 2003); see also United States v. Hines, 955 F.2d 1449, 1454 (11th Cir. 1992) ("It is clear . . . [t]he use of an alias in an indictment is permissible if it is necessary to connect the defendants with the acts charged.").

In the present case, Defendants have not met the exacting burden necessary to strike language from the indictment. First, the name "Mahmoud" is relevant to the charged offenses. The indictment relies upon actions by Defendant Aldissi from 1998 to 2014. By Defendant Aldissi's own admission, the legal name change, to Defendant Aldissi, did not go into effect until November 19, 2001. (Doc. # 44). Second, the use of Defendant Aldissi's prior legal name is not inflammatory or prejudicial with regard to the charges outlined in the

4

indictment. (Doc. # 1). The indictment is directed to "Mahmoud Aldissi" a/k/a "Matt," which is consistent with the time period outlined within the indictment, as Defendant Aldissi used both legal names at times relevant to the Counts in the indictment. Therefore, the Court declines to strike the Defendant Aldissi's prior legal name from the indictment as requested. Additionally, and based on the above, the Court denies the Defendants' request for protective order regarding Defendant Aldissi's prior legal name due to the relevancy to the Counts contained within the indictment.

### III. Motion To Strike Other Surplusage

The Court also notes that Defendants' Motion to Strike Other Surplusage (Doc. # 44 at 3) was filed solely to permit Defendants to retain all rights in the pretrial litigation of this matter due to the time limitations on motion practice imposed by the Court. The Government stated that there is nothing to which the Government can specifically respond in this portion of Defendants' Motion. The Motion to Strike Other Surplusage is denied without prejudice with leave to file the appropriate Motion upon resolution of the Joint Motion to Suppress Evidence and Return of Property (Doc. # 46) currently pending before United States Magistrate Judge Elizabeth A. Jenkins.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Joint Motion to Strike name "Mahmoud" (Doc. # 44) is **DENIED.**

(2) Defendants' Joint Motion for a Protective Order (Doc. # 44) is **DENIED.**

(3) Defendants' Joint Motion to Strike Surplusage (Doc. # 44) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of October, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record