UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:14-cr-217-T-33EAJ

MAHMOUD ALDISSI, a/k/a Matt,
and ANASTASSIA BOGOMOLOVA,
a/k/a Anastasia.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants', Mahmoud Aldissi and Anastassia Bogomolova, Joint Motion to Dismiss Counts Nine through Thirteen of the Indictment (Doc. # 42), filed on September 30, 2014. On October 7, 2014, the Government filed a Response in opposition to the Motion. (Doc. # 56). With leave of Court, Defendants filed their Reply to the Government's Response on October 14, 2014. (Doc. # 67). Thereafter, also with leave of Court, on October 16, 2014, the Government filed its Sur-Reply to Defendants' Motion. (Doc. # 72). For the reasons that follow, the Defendants' Motion is denied.

I.   **Background**

On May 28, 2014, Defendants were charged by indictment with the following: Count 1 – Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Counts 2 through 8 – Wire

Fraud in violation of 18 U.S.C. § 1343; Counts 9 through 13 – Aggravated Identity Theft in violation of 18 U.S.C. § 1028A; Count 14 – Falsification of Records involving Federal Investigations in violation of 18 U.S.C. § 1519; and Count 15 – Falsification of Records involving Federal Investigations in violation of 18 U.S.C. § 1519. (Doc. # 1).

By way of the present Motion, Defendants seek dismissal of Counts Nine through Thirteen of the Indictment.

## II.  **Legal Standard**

In federal criminal prosecutions, the Constitution guarantees the right to an indictment by an unbiased grand jury. United States v. Pabian, 704 F.2d 1533, 1535 (11th Cir. 1983). The Fifth Amendment's statement that no person shall be held to answer for a capital or otherwise infamous crime "unless on presentment or indictment of a Grand Jury" necessarily presupposes "an investigative body 'acting independently of either prosecuting attorney or judge.'" United States v. Dionisio, 410 U.S. 1, 16 (1973)(quoting Stirone v. United States, 361 U.S. 212, 218 (1960)). The grand jury's historic role has been to serve as a "protective bulwark standing solidly between the ordinary citizen and the overzealous prosecutor." Dionisio, 410 U.S. at 17.

Federal courts possess the power and duty to dismiss federal indictments obtained in violation of the Constitution or laws of the United States. Pabian, 704 F.2d at 1536. In addition, federal courts have a "supervisory power over the administration of justice to regulate the manner in which grand jury investigations are conducted." Id.(quoting United States v. Serubo, 604 F.2d 807, 816 (3rd Cir. 1979). The Court's function must also be defined in terms of the constitutional separation of powers between the judiciary and the executive, each branch vested with its own purposes and powers in relation to the grand jury. Pabian, 704 F.2d at 1536.

An indictment is insufficient if it fails to allege an essential element of the crime charged. Id. "[I]n determining whether an essential element has been omitted, 'a court may not insist that a particular word or phrase appear in the indictment when the element is alleged 'in a form' which substantially states the element.'" United States v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009)(quoting United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988)).

## III. **Analysis**

Defendants move to dismiss Counts Nine through Thirteen of the Indictment on the grounds that "18 U.S.C. § 1028 is

void for vagueness because it is ambiguous, fails to give adequate notice of what is criminalized, and encourages arbitrary and discriminatory law enforcement practices." (Doc. # 42 at 2). Defendants urge the Court to dismiss Counts Nine through Thirteen and declare the term "any name" to be void for vagueness. (Id.). Additionally, Defendants contend that they have a constitutional right to have fair notice of what exactly the Government is charging and that the Government failed to charge Counts Nine through Thirteen properly. (Id. at 15).

In response, the Government submits that "a statute is void for vagueness under the Fifth Amendment's Due Process Clause if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" (Doc. # 56)(quoting United States v. Williams, 553 U.S. 285, 304 (2008)). Further, the Government argues that the indictment is legally sufficient as the language of the indictment sets forth the essential elements of Aggravated Identity Theft, as set forth in 18 U.S.C. § 1028A.

A.   **Vagueness Doctrine**

As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficiently definitive language so that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Kolender v. Lawson, 461 U.S. 352, 357-58 (1983). Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, the Supreme Court has recognized that the more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine — the requirement that a legislature establish minimal guidelines to govern law enforcement." Id. Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." Id.

Section 1028A(a)(1) provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses without lawful authority, a *means of identification* of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. §

1028A (emphasis added). Section 1028A(c)(5) includes wire

fraud as an enumerated felony.

Section 1028A(d)(7) states that:

(7) the term "means of identification" means any
name or number that may be used, alone or in
conjunction with any other information, to identify
a specific individual, including any –

> (A) name, social security number, date of
> birth, official State or government issued
> driver's license or identification number,
> alien registration number, government
> passport number, employer or taxpayer
> identification number;
> (B) unique biometric data, such as
> fingerprint, voice print, retina or iris
> image, or other unique physical
> representation;
> (C) unique electronic identification number,
> address, or routing code; or
> (D) telecommunication identifying information
> or access device (as defined in section
> 1029(e));

18 U.S.C. § 1028.

This Court finds that Defendants' contention that

"Congress could not have intended to criminalize every

possible use of 'any name'" to be misplaced in the context of

this case. (Doc. # 67). The very language of the statute, 18

U.S.C. § 1028(d)(7), states in relevant part that "means of

identification means any name or number that may be used . .

. to identify a specific individual . . . ." This definitional

language fits squarely within 18 U.S.C. § 1028A and notifies

Defendants on what grounds they are being charged; specifically in this case in relation to wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

This is not a case that presents broad interpretations with regard to the connection between 18 U.S.C. § 1028A and 18 U.S.C. § 1028(d)(7), like the cases cited by Defendants in their Motion. (Doc. # 42). In contrast, the indictment here provides a nexus between the Aggravated Identity Theft Counts and Wire Fraud, 18 U.S.C. § 1343, Counts Two through Eight, and Conspiracy to commit Wire Fraud, 18 U.S.C. § 1349, Count One. Therefore, this Court finds that the portions of 18 U.S.C. § 1028 cited by Defendants are not void for vagueness with regard to the circumstances before this Court. Therefore, this Court declines to dismiss Counts Nine through Thirteen of the Indictment.[1]

### B.   Legal Sufficiency

The sufficiency of an indictment must be determined by looking solely at the face of the indictment. United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). "The

---

[1] The Court notes Defendants' reliance on United States v. Al-Arian, 329 F. Supp. 2d 1294 (M.D. Fla. 2004). However, because the factual circumstances in Al-Arian are distinguishable from the instant case, this Court is not required to engage in a statutory interpretation as set forth in Al-Arian.

sufficiency of an indictment is measured by two criteria: (1) whether the indictment contains the elements of the offense charged and sufficiently apprises the defendant so that he will not be misled while preparing his defense; and (2) whether the defendant is protected against another prosecution for the same offense." United States v. Seaboard Coast Line R. Co., 326 F. Supp. 897, 899 (M.D. Fla. 1971).

This Court agrees that Defendants have a constitutional right to have fair notice of exactly what the Government is charging. (See Doc. # 42 at 14). This Court also finds that on the face of the indictment, Defendants are presented with fair notice in that Counts Nine through Thirteen precisely track the wording of the Aggravated Identity Theft statute and set forth every element of the offense. Although Defendants contend that "the manner of the table that the Government used to chart these counts is constitutionally infirm and fatally flawed" (Doc. # 42), the Court disagrees. The table referenced above provides additional information of the Counts beyond what is required to be set forth in the indictment. Counts Nine through Thirteen are legally sufficient on the face of the indictment.

For the reasons stated above, the Defendants' Joint Motion to Dismiss Counts Nine through Thirteen of the Indictment is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Joint Motion to Dismiss Counts Nine through Thirteen of the Indictment (Doc. # 42) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record