UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:14-cr-217-VMC-TGW

MAHMOUD ALDISSI
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Mahmoud Aldissi's second Motion for Compassionate Release (Doc. # 483), filed on January 19, 2021. The United States responded on February 5, 2021. (Doc. # 487). For the reasons set forth below, the Motion is denied.

**I.   Background**

On March 20, 2015, a jury found Aldissi guilty of conspiracy to commit wire fraud, seven counts of wire fraud, five counts of aggravated identity theft, and two counts of falsification of records involving federal investigations. (Doc. # 270). On September 14, 2015, the Court sentenced Aldissi to 180 months' imprisonment, followed by thirty-six months' supervised release. (Doc. # 337). Aldissi is sixty-eight years old and his projected release date from FCP Montgomery is December 29, 2027. (Doc. # 487 at 2).

On September 22, 2020, Aldissi filed his first motion

1

for compassionate release, citing to the COVID-19 pandemic, his age, abnormal hemoglobin levels, and his underlying health condition of thalassemia minor, a genetic blood disorder. (Doc. # 472). In denying the Motion, the Court held "that Aldissi has not exhausted his administrative remedies, but even assuming that he has, the Motion is denied because Aldissi's circumstances are not extraordinary and compelling." (Doc. # 477 at 2-3).

Now, Aldissi renews his request for compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because Aldissi has allegedly since been diagnosed with sickle-cell anemia, and because additional inmates in his facility have been diagnosed with COVID-19. (Doc. # 483 at 1-2). The United States has responded (Doc. # 487), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Aldissi still "has not demonstrated that he meets the requirements for a compassionate release . . . because he fails to bring any cognizable new claim." (Doc. # 487 at 2). The Court agrees and finds that Aldissi's circumstances are still not extraordinary and compelling so as to warrant release.

A term of imprisonment may be modified only in limited

circumstances. 18 U.S.C. § 3582(c). Aldissi argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirements that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even assuming that Aldissi has exhausted his administrative remedies, his Motion is denied because he has not demonstrated extraordinary and compelling circumstances warranting release. The Sentencing Commission has set forth

3

examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Aldissi bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Aldissi alleges that he was recently diagnosed with sickle-cell anemia. (Doc. # 483 at 21). However, per his physician's certification, Aldissi has the sickle cell trait, but has not been diagnosed with the disease – which is vastly different. See (Doc. # 487 at 3-4); (Doc. # 490-1 at 2) ("Sickle cell trait (SCT) is not a mild form of sickle cell disease. Having SCT simply means that a person carries a single gene for sickle cell disease (SCD) and can pass this gene along to their children. People with SCT usually do not have any of the symptoms of SCD and live a normal life."); (Doc. # 490 at 27) ("This inmate has sickle cell trait[.]"); see also United States v. Thomas, No. 10-30046, 2020 WL

4917730, at *5 (C.D. Ill. Aug. 21, 2020) ("At the present time, however, sickle cell trait is not among the CDC's risk factors for COVID. The possibility that Defendant has an increased risk thus is speculative. Accordingly, the Defendant has not shown extraordinary and compelling reasons that would warrant compassionate release based on the current conditions at FCI Elkton and his health situation.").

And, the Court previously held that his underlying condition of thalassemia minor and his age do not constitute extraordinary and compelling circumstances. (Doc. # 477 at 7-8). Accordingly, Aldissi still has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. O'Garro, No. 3:14-cr-227 (AWT), 2020 WL 3086028, at *4 (D. Conn. June 10, 2020) (explaining that thalassemia minor "is not of particular concern"); United States v. Bailey, No. 1:11-cr-10-MR, 2020 WL 3883659, at *2 (W.D.N.C. July 9, 2020) (denying a 72-year-old prisoner's motion for compassionate release, despite his "high blood pressure, high cholesterol and atrial fibrillation," because those conditions were controlled and "the Defendant's age, standing alone, [was] not an extraordinary and compelling

5

reason to reduce his sentence"); United States v. Smith, No. 3:06-cr-289-VMC-MCR, 2021 WL 307379, at *1-2 (M.D. Fla. Jan. 29, 2021) (denying compassionate release for an inmate with a variety of alleged underlying health conditions, including sickle cell trait).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Aldissi has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

Even assuming, however, that Aldissi's circumstances were extraordinary and compelling, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that reflects the seriousness of his crime. As the United States explains:

> Mahmoud Aldissi and his co-defendant, Anastassia Bogomolova, fraudulently obtained approximately $10,500,000 in small business research awards from across the federal government through their two companies. The defendants submitted proposals using

6

>the stolen identities of real people to create false endorsements of and for their proposals in order to win awards. Defendants proposed the victims of identity theft as consultants and subcontractors without their knowledge and included false costs associated with these individuals in their proposals. This identity theft caused irreparable damage to the victim's reputations that will take years to rebuild. . . . Evidence was also presented that Aldissi conspired to fabricate and backdated documents in an attempt to obstruct the National Science Foundation - Office of Inspector General's investigation. In sum, this was a brazen and outrageous fraud on the federal government that also destroyed the reputations of prominent scientists.

(Doc. # 474 at 2). As of March 2021, Aldissi has served less than fifty percent of his term of imprisonment. (Doc. # 487 at 2). Thus, the Court finds that the seriousness of Aldissi's crime and the need for deterrence weigh against release and his Motion is denied for this reason as well.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Mahmoud Aldissi's pro se second Motion for Compassionate Release (Doc. # 483) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of March, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE